UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X
ELDARIUS GAUSE,

                    Plaintiff,              ORDER
                                            11-CV-6107(JS)(ARL)
          -against-

CHASE BANK N.A., DEUTSCHE BANK
NATIONAL TRUST COMPANY, ROZ CAMRON,
Financial Star, Home Finance,
SHARENE DOUGLAS, Straw Buyer for Roz
Camron, AMERICAN WAY REALTOR,

                    Defendants.
-----------------------------------------X
APPEARANCES:
For Plaintiff:      Eldarius Gause, Pro Se
                    9 Deer Street
                    Wyandanch, New York 11798

For Defendants:     No Appearances

SEYBERT, District Judge:

          Pending before the Court is the Complaint of pro se

plaintiff Eldarius Gause ("Plaintiff") against the defendants,

Chase Bank N.A., Deutshe Bank National Trust Company, Roz Camron,

Sharene Douglas, and American Way Realtor (collectively,

"Defendants"), accompanied by an application to proceed in forma

pauperis.  The application to proceed in forma pauperis is granted

and, for the reasons that follow, the Complaint is sua sponte

dismissed without prejudice.  Plaintiff may pursue any valid claims

in state court.

                        BACKGROUND

          Plaintiff's Complaint, submitted on the Court's general

complaint form, alleges that the basis for the Court's jurisdiction

is both federal question and diversity of citizenship.  Plaintiff,
alleged to reside in Wyandanch, New York, alleges that all of the
Defendants reside in New York with the exception of Chase Bank NA
which is alleged to reside in California.

Though difficult to discern, it appears that Plaintiff
seeks to challenge an alleged "illegal[] evict[ion]" from his home
because the "housing court granted all decisions in our favor."
(Compl. at ¶ III.C).  Plaintiff claims the Defendants "violated my
4th and 5th Amendment of the Constitution.  Deprivation of life,
liberty and property are protected under the law, we are afforded
equal protection by the law."   (Compl. at ¶ IV).   Plaintiff
complains that "banks, lenders, underwriters, American Way Realtor,
is trying to steal my home through alleged fraud and decption [sic]
and ROBO-Signing, causing damage and injuries."   (Compl. at ¶
III.C).

Annexed to the complaint form is a two-page typed
document signed by the Plaintiff entitled "Complaint" that alleges
specific conduct attributable to the Defendants.  Plaintiff claims
that:

> Roz Camron [and] Sharene Douglas, both out of
> Financial Star Home Finance, a "fly by night
> operation" working through banks, lenders,
> underwriters involved in this case . . .
> defrauded Plaintiff [] with an [] instrument
> called "straw buyer, using a straw name and
> robo signing of all documents. . . ."  Banks
> and lenders, American Way Realty allegedly are
> acting in concert defrauding to steal
> Plaintiff's home.

Attachment to the Compl. at page 1.

Plaintiff alleges that these actions caused "mental anguish, punitive damages, stress, anxiety attacks, damages, health damages, hospitalized." (Compl. at ¶ IV). Accordingly, Plaintiff requests that "the Court [] stop America Way Realtor from illegally trying to evict me from my home and a full investigation to be launch[ed] against the Banks involved, Roz Cameron, [and] straw buyer Sharene Douglas." (Compl. at ¶ V). Further, Plaintiff seeks five hundred thousand ($500,000) dollars from the banks and one million ($1,000,000) dollars from Financial Star Home Finance as well as:

> I want my deeds and documents restored back to original owner my family, all debts paid, five hundred thousand in compensation, and investigation to start immediately. [] I want my parents home cleared from this alleged fraud scam and all documents to its original order.

Id., see also page two annexed to the Complaint.

DISCUSSION

I.    In Forma Pauperis Application

Upon review of Plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that the Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed in forma pauperis is GRANTED.

II.   Application of 28 U.S.C. § 1915

Pursuant to Section 1915 of Title 28, a district court must dismiss an in forma pauperis complaint upon determining that the action is "(1) frivolous or malicious, or fails to state a claim on which relief may be granted; or (2) seeks monetary relief against a defendant who is immune from such relief." See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(b); see Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a). This obligation applies equally to prisoner and non-prisoner in forma pauperis cases. Awan v. Awan, No. 10-CV-0635, 2010 WL 1265820, at *1 (E.D.N.Y. Mar. 26, 2010); Burns v. Goodwill Industries, No. 01-CV-11311, 2002 WL 1431704, at *2 (S.D.N.Y. 2002).

It is axiomatic that pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); (McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they

allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the Complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167 F.3d 125, 127 (2d Cir. 1999).

III. Subject Matter Jurisdiction

Notwithstanding the liberal pleading standard afforded pro se litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking. Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). Unlike lack of personal jurisdiction, lack of subject matter jurisdiction cannot be waived and may be raised at any time by a party or by the Court sua sponte. Id. "If subject matter jurisdiction is lacking, the action must be dismissed." Id. at 700-01; see also Fed. R. Civ. P. 12(h)(3).

The basic statutory grants of subject matter jurisdiction are set forth in 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y & H Corp., 546 U.S. 500, 513, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006). Section 1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Section 1332 provides that federal court subject matter jurisdiction may be established where there is a diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000. 28 U.S.C. § 1332.

Here, Plaintiff has checked the boxes on the Complaint form for both federal question and diversity of citizenship. (Compl. at ¶ II). Thus, it appears that Plaintiff seeks to invoke this Court's jurisdiction under both sections 1331 and 1332. However, Plaintiff's allegations concerning jurisdiction do not establish that complete diversity exists because Plaintiff alleges that he is a New York resident and that the individual Defendants also reside in New York. With regard to the corporate Defendants, for purposes of diversity jurisdiction, a corporation's citizenship is its principal place of business and the state where it was incorporated. 28 U.S.C. § 1332(C)(1); <u>Hertz Corp. v. Friend</u>, __ U.S. __, 130 S. Ct. 1181, 1185 (2010). Plaintiff makes no allegations concerning the principal place of business or state of incorporation for any of the corporate Defendants, other than to include New York addresses for Deutsche Bank National Trust Company and American Way Realtor and a California address for Chase Bank N.A. Accordingly, Plaintiff has not established this Court's subject matter jurisdiction under Section 1332.

However, as noted above, subject matter jurisdiction may also be established where the Complaint presents a federal question pursuant to § 1331. "A plaintiff properly invokes § 1331 jurisdiction when he pleads a colorable claim 'arising under' the Constitution or laws of the United States." <u>Arbaugh</u>, 546 U.S. at 513, 126 S. Ct. at 1237. A claim alleging federal-question

jurisdiction "may be dismissed for want of subject-matter jurisdiction if it is not colorable, i.e., if it is 'immaterial and made solely for the purpose of obtaining jurisdiction' or is 'wholly insubstantial and frivolous.'" (Id. at 513 n. 10). Although courts hold pro se complaints "to less stringent standards than formal pleadings drafted by lawyers," Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980), pro se litigants must establish subject matter jurisdiction. See, e.g., Rene v. Citibank N.A., 32 F. Supp. 2d 539, 541-42 (E.D.N.Y. 1999) (dismissing pro se complaint for lack of subject matter jurisdiction).

Here, even given a liberal construction, Plaintiff's Complaint does not allege a federal claim such that the Court's federal question subject matter jurisdiction may be invoked. Despite Plaintiff's reference to the Fourth and Fifth Amendments of the Constitution, his allegations do not support a colorable claim such that this Court's subject matter jurisdiction is invoked. A colorable Section 1983 claim, which is the procedural mechanism for alleging a civil rights claim arising from the violation of an individual's constitutional rights, requires that a plaintiff allege two elements: (1) the defendant acted under color of state law; and (2) as a result of the defendant's actions, the plaintiff suffered a deprivation of her rights or privileges as secured by the Constitution of the United States. Annis v. County of

<u>Westchester</u>, 136 F.3d 239, 245 (2d Cir. 1998); <u>see</u> <u>also</u> <u>Bernstein</u>

<u>v. New York</u>, 591 F. Supp. 2d. 448, 459-60 (S.D.N.Y. 2008). Under

extremely limited circumstances not alleged here, private actors,

such as Defendants here, may be held liable under Section 1983.

<u>See</u> <u>White v. Monarch Pharmaceuticals, Inc.</u>, No. 08-CV-0430, 2009 WL

3068217, *1 (2d Cir. Sept. 28, 2009); <u>see</u> <u>also</u> <u>Rendell-Baker v.</u>

<u>Kohn</u>, 457 U.S. 830, 838-42, 102 S. Ct. 2764, 73 L. Ed. 2d 418

(1982). Here, all of the Defendants are private persons or

corporations not alleged to have any connection with any government

body and thus has not acted under color of state law. Moreover,

the Complaint is wholly devoid of any allegations concerning the

deprivation of any constitutional right as is required to state a

plausible Section 1983 claim. <u>See</u>, <u>e.g.</u>, <u>McCarthy v. Wachovia</u>

<u>Bank, N.A.</u>, No. 08-CV-1122, 2011 WL 79854, at *6 (E.D.N.Y. Jan. 11,

2011) (citing <u>Nealy v. Berger</u>, No. 08-CV-1322, 2009 WL 704804, at

*4 (E.D.N.Y. Mar. 16, 2009). In the absence of any allegations

against a state actor of a deprivation of a constitutional right,

Plaintiff's Section 1983 claim is not plausible and does not

establish this Court's federal subject matter jurisdiction.

Without subject matter jurisdiction, this Court cannot

adjudicate Plaintiff's claims. Accordingly, the Complaint is

dismissed without prejudice pursuant to 28 U.S.C. § 1915A (B) and

Rule 12(h)(3) of the Federal Rules of Civil Procedure. Plaintiff

may pursue any valid claims he may have against the Defendants in

state court.

CONCLUSION

For the reasons set forth above, Plaintiff's application to proceed in forma pauperis is GRANTED and the Complaint is sua sponte dismissed without prejudice and with leave to pursue any valid claims he may have against the Defendants in state court. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     March __12__, 2012
           Central Islip, NY

9